JOHN COX *vs.* THOMAS McCLURE.

Third Judicial District, Bridgeport, April Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A warranty deed of land fronting on the seashore described a tract by metes and bounds, and then proceeded as follows: "also all wharfage and other riparian rights and privileges appurtenant to said described piece, excepting and not conveying by this deed a piece

of land, together with all the buildings thereon, bounded " (indicating the westerly end of the larger tract above described). *Held* that no wharfage or other riparian rights appurtenant to the excepted piece of land passed to the grantee under the foregoing description.

Argued April 19th—decided May 3d, 1899.

ACTION in the nature of trespass *qu. cl. fr.* for damages and for an injunction, brought to the Superior Court in New Haven County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff for $5 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Talcott H. Russell,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

ANDREWS, C. J. The complaint in this case sets forth a cause of action in the nature of trespass to land, claiming damages and an injunction. The case was tried on an issue joined to the jury, who returned a verdict for the plaintiff for damages. The court rendered judgment on the verdict and the defendant appealed.

The plaintiff claimed title to the land in dispute, under a deed which he had taken from the defendant, dated February 2d, 1885. The controversy turns on the construction which is to be put on that deed. The deed was a warranty deed containing the usual covenants, and conveyed to the plaintiff three pieces of land situated in the town of Orange. It is the third piece in respect to which the doubts arise. The language of the deed describing the third piece is as follows : —

" Third piece, bounded southerly by Long Island Sound; westerly by land of Edward L. Bradley; northerly by highway leading to Bradley's Point and to Waverly Grove; easterly by Savin avenue. Also all the wharf rights and privileges, riparian rights and privileges appurtenant to said third described piece, excepting and not conveying by this

deed a piece of land, together with all the buildings thereon, bounded northerly by highway leading to Bradley's Point, 48 feet, 2 inches; easterly by the third above described piece, 45 feet; southerly by Long Island Sound, 34 feet, 8 inches; and westerly by land of Edward L. Bradley, 41 feet, 1 inch. To have and to hold," etc.

The following diagram illustrates, somewhat roughly, the situation.

The first part of the language above quoted seems to include the whole of the land indicated by the diagram; while the last part indicates the small piece at the left hand or westerly part of the diagram as the piece excepted and not granted.

The trespasses alleged to have been committed were done below, or southerly, of the excepted piece, and below the high water line of Long Island Sound. The defendant did not deny having done the acts charged, but insisted that the place where he did them was his own property.

The question in dispute is whether the wharf and other riparian rights appurtenant to the said excepted piece of land, were or were not conveyed to the plaintiff by the said deed.

This deed was offered in evidence by the plaintiff, and in respect to it the court instructed the jury as follows: —

"The plaintiff, to make out his case, relies upon a deed from the defendant given on the 2d day of February, 1885; and in that deed the defendant conveyed to the plaintiff a certain tract of land, with all the water rights and wharfage rights connected with it, and has reserved or excepted, after conveying the land and all the water rights appurtenant to it, to himself a certain piece of land out of that which he had conveyed by the first part of the deed.

"Now, I think that a fair construction of that deed requires me to state to you, that in the exception which the defendant made in the deed to the plaintiff he did not reserve to himself any rights to the water or to the use of the water below the high water mark; that these water rights are franchises, and are separable from the land itself, and that the defendant, by the very form which he adopted in making the conveyance, did separate those rights, and reserve only the land, and not the water rights; and that therefore the plaintiff is entitled to some damages in this case, as his rights have been invaded by the admitted facts in the case."

We think this instruction was erroneous. It did not give the correct construction to the deed. By the true construction that deed did not in anywise convey the excepted piece of land. The error of the court was doubtless occasioned by the inartificial manner in which the deed is drawn. The draftsman put into that part of the deed conveying the third piece of land, the words "wharf rights and privileges, and riparian rights," etc., before he had completed the description of the land intended to be conveyed. The correct meaning of this part of the deed will be clearly shown by transposing some of its sentences, like this: "Third piece, bounded southerly by Long Island Sound; westerly by land of Edward L. Bradley; northerly by highway leading to Bradley's Point; easterly by Savin Avenue, excepting and not conveying by this deed a piece of land, together with all the buildings thereon, bounded northerly by highway leading to Bradley's Point, 48 feet 2 inches; easterly by the third above described

piece, 45 feet; southerly by Long Island Sound, 34 feet 8 inches ; and westerly by land of Edward L. Bradley, 41 feet 1 inch. Also all the wharf rights and privileges, riparian rights and privileges appurtenant to the said third described piece."

Read in this order it becomes entirely certain—what the words of the deed would in any order seem to indicate—that the deed was never intended to convey and never did convey to the plaintiff the excepted piece; and so, of course, did not convey to him any wharf rights and privileges or riparian rights and privileges appurtenant to that piece.

We think the ordinary rule governing the construction to be put on the exception in the granting part of a deed leads to the same result. " An exception in a grant is said to withdraw from its operation some part or parcel of the thing granted, which, but for the exception, would have passed to the grantee under the general description." *Maxwell Land Grant Co.* v. *Dawson,* 151 U. S. 586, 604; 3 Washburn, Real Property, 401 ; Tiedeman on Real Property, § 843.

There is error and a new trial is granted.

In this opinion the other judges concurred.